UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROHAN CAMPBELL,                          :

                          Petitioner,    :

                                         :          11 Civ. 7737 (LGS) (FM)

          -against-                      :

                                         :          **OPINION AND ORDER**

WILLIAM LEE,                             :

                          Respondent.    :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2016

LORNA G. SCHOFIELD, District Judge:

Rohan Campbell brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for burglary in the first degree (the "Petition"). This case was referred to Magistrate Judge Frank Maas, who issued a Report and Recommendation (the "Report") that the Petition be denied. Campbell did not object to the Report. For the following reasons, the Report is adopted, and the Petition is denied.

## I.      BACKGROUND

The facts relevant to the Petition are set out in the Report and briefly summarized here. Subsequent procedural history is provided in the Report.

At approximately 3:00 a.m. on July 9, 2004, Rohan Campbell entered the bedroom of nineteen-year old Anna Harris, placed his hand over her mouth and led her through her living room and out into the street. Outside, Harris began to struggle with Campbell and scratched his face. She escaped from him, called the police and was escorted to the hospital, where material was taken from under her fingernails in the presence of a police officer. The scrapings were provided to the New York City Office of the Chief Medical Examiner ("OCME") and used to identify Campbell. Campbell's DNA was in the OCME database because he signed a release form consenting to a buccal swab while in custody for an unrelated arrest.

At trial, OCME supervisor Noelle Umback testified as to the DNA reports.  Umback did not personally conduct the DNA testing used to identify Campbell, but oversaw the results. Campbell's attorney did not object to the admission of the DNA reports, and instead used the absence of the technicians who conducted the testing to bring up the possibility of human error. On January 24, 2007, a jury convicted Campbell of burglary in the first degree.  He was sentenced to a prison term of seventeen years.

## II.     LEGAL STANDARD

### A.     Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B.     Review of a Habeas Corpus Petition

Where an individual is in state custody following the judgment of a state court, the writ of habeas corpus is available only if that individual is "in custody in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

All arguments raised in a federal habeas petition must first be exhausted in state court unless there is no available state corrective process or that process would be "ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B)(ii).  Habeas relief may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* §§ 2254(d)(1), (2).

The standard for evaluating state court decisions is highly deferential.  State court decisions must be given the benefit of the doubt.  *Hardy v. Cross*, 132 S. Ct. 490, 491 (2011).  A "state court's determination that a claim lacks merit" is not unreasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)).  To succeed on an argument that the state court's decision was contrary to or unreasonably applied federal law, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Contreras v. Artus*, 778 F.3d 97, 110 (2d Cir. 2015) (quoting *Harrington*, 582 U.S. at 102).

## III.   DISCUSSION

The Petition seeks habeas relief on three grounds:  (1) violation of the Confrontation Clause of the United States Constitution; (2) ineffective assistance of both trial and appellate counsel and (3) violation of Petitioner's right to due process as a result of the introduction of illegally obtained evidence at trial.  The Report rejects each of these claims.  Because Campbell

did not object to the Report, the Report is reviewed for clear error.

      **A.**     **Confrontation Clause**

The Petition argues that Campbell was "denied the right to confront witnesses against him" when the prosecution presented its DNA evidence through a witness who did not perform or observe the DNA testing. The Report recommends rejecting this claim because (1) it is procedurally barred and (2) even if the Court reached the merits of the claim, the fact that an OCME supervisor testified as to the DNA evidence does not violate the Confrontation Clause. The Report's conclusions are not clearly erroneous or contrary to law.

First, the claim is procedurally barred in light of the Appellate Division's finding that the claim is unpreserved. *People v. Campbell*, 62 A.D.3d 535, 536 (1st Dep't 2009). The Appellate Division's finding constitutes an independent and adequate state law ground that precludes this Court from reviewing the claim. *See, e.g.*, *Pierotti*, 834 F.3d at 176. A state procedural bar is adequate where the rule is (1) firmly established and regularly followed by the state and (2) the application of the procedural bar was not "exorbitant." *See id.* at 177. The Report's finding that the state rule was firmly established, regularly followed and properly applied is not clearly erroneous or contrary to law. The Court is thus barred from reviewing the merits of the Confrontation Clause claim.

Second, even if the Court could reach the merits of the claim, the Report's conclusion that Umback's testimony did not violate the Confrontation Clause is not clearly erroneous or contrary to law. To obtain habeas relief, the Petition would need to demonstrate that the trial court's decision to admit Umback's expert testimony violated "clearly established" Supreme Court precedent "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). It does not do so. Indeed, as the Report notes, around the time Campbell

was convicted, multiple federal courts concluded that allowing the testimony of laboratory supervisors did not violate the Confrontation Clause. *See, e.g.*, *United States v. Rose*, 587 F.3d 695, 700-01 (5th Cir. 2009); *Larkin v. Yates*, No. 09 Civ. 2034, 2009 WL 2049991, at *1-2 (C.D. Cal. July 9, 2009).

Accordingly, Campbell is not entitled to relief on his Confrontation Clause claim.

### B.    Introduction of Illegally Obtained Evidence

The Petition further argues that Campbell's right to due process of law and a fair trial was violated because the trial court permitted illegally obtained evidence (the DNA) to be admitted at trial. The Report recommends rejecting this claim because (1) it is procedurally barred and (2) meritless. The Report's recommendation is correct, and therefore not clearly erroneous or contrary to law.

First, the trial court expressly relied upon CPL § 440.10(3)(a) in finding that Campbell's claims were procedurally barred because Campbell could have, but failed, to make those arguments on direct appeal. This finding constitutes an independent and adequate state law ground that bars habeas relief. *See, e.g.*, *Pierotti*, 834 F.3d at 176. The Report correctly determines that nothing in the Petition provides reason to determine that this claim is not procedurally barred.

Second, even if the claims were not procedurally barred, they are meritless. The Petition argues that Campbell was coerced into providing a DNA sample, but Campbell signed a consent form authorizing the police to swab the inside of his mouth for the express purpose of collecting that sample. Moreover, the trial court found that his allegations of coercion were not credible. A federal habeas court accords substantial deference to a trial court's factual findings. 28 U.S.C. § 2254(e)(1). The Petition has not rebutted these findings by clear and convincing evidence. *Id.*

5

Consequently, Campbell is not entitled to relief on his improper evidence claims.

   **C.     Ineffective Assistance of Counsel**

   Third, the Petition argues that Campbell received ineffective assistance of both trial and appellate counsel.  The Petition alleges that Campbell's trial counsel provided ineffective assistance due to his failure to:  (1) object to witness testimony that violated the Confrontation Clause, (2) request a *Mapp* hearing in light of Campbell's statements that the police obtained his DNA by coercion or misconduct in violation of the Fourth Amendment and (3) request a suppression hearing to exclude illegally obtained DNA evidence.  The Petition alleges that Campbell's appellate counsel provided ineffective assistance due to her failure to argue that trial counsel was ineffective.

   To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See, e.g.*, *Elmore v. Holbrook*, No. 15-7848, 2016 WL 6039250, at *5 (S. Ct. Oct. 17, 2016); *Frederick v. Warden, Lewisburg Corr. Gacility*, 308 F.3d 192, 197 (2d Cir. 2002) (*Strickland* test applies to evaluation of both trial and appellate counsel).  First, a petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  *Elmore*, 2016 WL 6039250, at *5 (quoting *Strickland*, 466 U.S. at 688).  Second, a petitioner must demonstrate that the deficiency prejudiced him.  *Id.*

   Review under the *Strickland* test is deferential to both defense counsel and the state court. *Woods*, 136 S. Ct. at 1151.  There is a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.*  A defendant must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016) (quoting *Strickland*, 466 U.S. at 694).

### 1. Alleged Failure of Trial Counsel to Object to Admission of DNA Evidence

The Report correctly rejects the Petition's argument that Campbell's trial counsel was ineffective for failing to object to the introduction of DNA reports through Umback's testimony. Campbell's trial counsel did not fall below an objective standard of reasonableness by not objecting to Umback's testimony. In fact, trial counsel cross-examined Umback on the absence of the laboratory technician and used that absence to argue about the possibility of human error in conducting the tests. The Petition has not overcome the presumption that his counsel's action "might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2000).

### 2. Alleged Failure of Trial Counsel to Suppress or Otherwise Object to Admission of Allegedly Coerced DNA Evidence

Likewise, the Report correctly rejects the Petition's arguments that Campbell's trial counsel was ineffective for failing to request a hearing to suppress the DNA evidence or otherwise object to its introduction because it was obtained through coercion. The Petition provides no evidence to suggest that Campbell was coerced, and as noted above, the signed release form indicates that Campbell voluntarily provided his DNA to the police. His counsel's decision not to object to the admission of such evidence is neither unreasonable nor unduly prejudicial and thus does not meet the high bar for demonstrating ineffective assistance of counsel.

### 3. Alleged Failure of Appellate Counsel to Argue that Trial Counsel Was Ineffective

Lastly, the Report correctly rejects the Petition's argument that Campbell's appellate counsel was ineffective for failing to argue that Campbell's trial counsel was ineffective on appeal. As explained above, Campbell's trial counsel did not provide ineffective assistance.

Consequently, it was neither unreasonable nor prejudicial for Campbell's appellate counsel to decide not to assert a meritless claim.

## IV.   CONCLUSION

For the reasons stated above, the Report is ADOPTED and the Petition for a writ of habeas corpus is DENIED.  As Petitioner has not made a substantial showing that a constitutional right has been denied, the Court declines to issue a certificate of appealability in this case.  28 U.S.C. § 2253(c)(1), (2).  The Court certifies that any appeal from this Opinion and Order would not be taken in good faith, and therefore permission to proceed *in forma pauperis* status is also denied.  28 U.S.C. § 1915(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005). The Clerk of Court is respectfully directed to close this case and to mail a copy of this Opinion and Order to the pro se Petitioner.

Dated:  November 21, 2016
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE